

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-90,337-01

### EX PARTE MARK ALLEN KEENUM, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. B19941-1504 IN THE 242ND DISTRICT COURT
### FROM HALE COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault and sentenced to two years' imprisonment. The Seventh Court of Appeals affirmed his conviction. *Keenum v. State*, No. 07-16-00111-CR (Tex. App.—Amarillo del. Jul. 14, 2017).

Applicant, through habeas counsel, contends in several grounds that Applicant's trial counsel provided ineffective assistance. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). There are no findings from the trial court resolving the disputed factual issues.

The application is remanded to the trial court to allow the trial judge to complete an evidentiary investigation and enter findings of fact and conclusions of law resolving the disputed factual issues. Further, the trial court shall enter findings regarding laches. *Carrio v. State*, 992 S.W.2d 486 (Tex. Crim. App. 1999); *Ex parte Perez*, 398 S.W.3d 206 (Tex. Crim. App. 2013). The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

To do so, the trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*. If the trial court elects to hold a hearing, and if habeas counsel no longer represents Applicant, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: October 23, 2019
Do not publish